# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL REDD, | : | |
| Petitioner | : | |
| v. | : | Crim. No. ELH-11-0371 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The United States of America, by Stephen M. Schenning, Acting United States Attorney for the District of Maryland, and Robert M. Perkins III, Special Assistant United States Attorney for said district, hereby moves to dismiss as untimely Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2012, Daniel Redd (the petitioner) appeared before United States District Court Judge William Quarles and pled guilty to conspiracy to distribute a kilogram or more of heroin in violation of 21 U.S.C. § 846, and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The parties agreed to a Rule 11(c)(1)(C) plea, wherein the defendant, a Baltimore Police Officer, would serve 180 months for the drug trafficking conspiracy and a 60 month consecutive sentence for the firearm charge. The total sentence being 240 months or 20 years. The defendant did not appeal his conviction of sentence.

On May 6, 2014, the district court granted a reduction of the 240-month sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant did not appeal his new sentence nor did the defendant file a § 2255 motion within one-year of this date.

Subsequently, on December 16, 2016, the defendant filed a motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c). The Court granted the motion, and further reduced the defendant's original 240-month sentence to 140 months' of incarceration. The defendant then filed this a Motion to Vacate, Set Aside, Or Correct his sentence pursuant to 28 U.S.C. § 2255

**ARGUMENT**

The petitioner now contends that he is entitled to relief for two reasons. First, he believes that the Court had no authority to modify his sentence pursuant to § 3582(c) because the parties entered into a Rule 11(c)(1)(C) plea. Thus, because of this arrangement, according to the petitioner, his plea agreement is "null and void." Second, the petitioner argues that the Supreme Court, in *Dean v. United States*, 137 S. Ct. 1170 (2017), created a retroactive rule allowing sentencing courts to consider a defendant's mandatory minimum under 18 U.S.C. § 924(c) when calculating an appropriate sentence for the predicate offense.

Despite Petitioner's meritless claims, the claims are time barred by the one-year statute of limitations.

Petitioners have one year period within which they must file a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f)(1). That one-year period of limitation "shall run from ***the latest*** of 1) the date on which the judgment of conviction becomes final; [or] 2) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively on collateral review." Thus, the petitioner had one year to file his § 2255 claim measured from the date on which he was sentenced, or the date the Supreme Court announced a rule that applied retroactively on collateral review.

A modification of sentence under § 3582(c)(2) is not a full resentencing. *Dillon v. United*

*States,* 560 U.S. 817, 825 (2010). The plain text of § 3582 provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be modified pursuant to [the provisions of § 3582(c)], a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." § 3582(b)(1). Instead of a full re-sentencing, § 3582(c)(2) "provides for the [modification] of a term of imprisonment by giving the courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 562 U.S. at 825. Therefore, "a modification of a sentence [under 3582(c)(2)] does not affect the finality of a criminal judgment […]" and "does not restart the one-year limitations period for the filing of § 2255 motions. *United States v. Jones,* 796 F.3d 483, 486 (5th Cir. 2015). Petitioner's one year limitations period began on May 6, 2014 *not* December 15, 2016, which was merely the date his sentence was modified, and was not a full-resentencing

In an effort to circumvent the one-year limitations bar, the petitioner claims that *Dean v. United States* announced a new rule that must be applied retroactively to cases on collateral review under § 2255(f)(3), but in order for a new Supreme Court rule to be applied retroactively that rule must fit within two limited exceptions. *Teague v. Lane*, 489 U.S. 288, 311 (1989). First, a new rule should be applied retroactively if it "place, as a matter of constitutional interpretation, certain kinds of primary private individual conduct beyond the power of criminal law-making authority to proscribe." *Williams v. United States*, 401 U.S. 667, 692-693 (1971).[1] The second exception is if the new rule requires "observance of those procedures that are implicit in ordered liberty" or

---

1 For example, see *Street v. New York*, 394 U.S. 576 (1969) (The Court struck down a New York statute making it a misdemeanor to publicly mutilate or cast contempt upon any flag of the United States on First Amendment grounds); see also, *Stanley v. Georgia*, 89 S.Ct. 1243 (1969) (The Court held that the First and Fourteenth Amendment prohibits making private possession of obscene material a crime); *Griswold v. Connecticut*, 85 S. Ct. 1678 (The Court struck down a Connecticut law forbidding use of contraceptives because it intruded upon the right of marital privacy.);

3

rule are considered "watershed rules of criminal procedure." *Teague*, 489 U.S. at 311.

Specifically, these rules have to do with enhancing the fact-finding procedures or the fundamental fairness of the trial:

> Typically it should be the case that any conviction free from constitutional error at the time it became final, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations, it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the *adjudicatory process* will properly alter our understanding of the *bedrock procedural* elements that must be found to vitiate the fairness of a particular conviction. For example, such is the case with the right to counsel at trial now held a necessary condition precedent to any conviction for a serious crime.

*Williams v. United States*, 401 U.S. at 693-694. Rules that receive retroactivity "significantly improve the fact-finding process" and are "central to an accurate determination of innocence or guilt" *Teague,* 489 U.S. at 313.

Neither exception applies to *Dean*, nor has the Supreme Court ruled that *Dean* should be applied retroactively. Rather, *Dean* clarifies the sentencing procedures for the district court when courts are called upon to fashion a sentence for a predicate offense after the court has determined a defendant's mandatory minimum sentence for a violation of 18 U.S.C. § 924(c). In *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017), the question presented was "whether, in calculating a sentence for the underlying predicate offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)." After reviewing the plain language of both 18 U.S.C. § 3553(a) and 18 U.S.C. § 924(c), the Court found nothing in either statute that required a court to ignore a defendant's sentence for the mandatory minimums. *Id* at 1177. *Dean,* therefore, allows sentencing judges to use further discretion in fashioning a sentence on a

predicate crime under 18 U.S.C. § 3553 for cases in which defendants face a mandatory minimum under § 924(c). Because *Dean* merely interprets and clarifies § 3553(a) and § 924(c), it does not "vitiate the fairness of" or confidence in petitioner's underlying conviction. It is not a "watershed rule" of criminal procedure, and the Supreme Court has not ruled that Dean should be applied retroactively.

As a result, the Petitioner had one year from May 6, 2014 to file is § 2255 motion, and failed to do so. Further, because Dean is not a "watershed rule" and is not applied retroactively to collateral matters, the Petitioner's Motion to Vacate or Set Aside his sentence is filed untimely, and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should DISMISS the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 as time-barred, and suspend the need for the Government to respond to Petitioner's claims until this Court rules upon the Government's Motion to Dismiss.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By:_____/s/_____

Robert M. Perkins III, Esq.
Special Assistant United States Attorney
United States Attorney's Office
36th South Charles Street, 4th Floor
Baltimore, MD 21202
(410) 209-4897 (telephone)
Robert.M.Perkins@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 4, 2017, a copy of the foregoing response to the movant's motion pursuant to 28 U.S.C. § 2255 was mailed, postage paid to:

    Daniel Redd
    Sattelite Prison Camp Hazelton
    Bruceton Mills, West Virginia

                                                                                  _____
                                                                                 Robert M. Perkins III, Esq.
                                                                                 Special Assistant U.S. Attorney