Mr. Daniel Redd
#53655-037
Satellite Prison Camp Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 29 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL REDD <br> PETITIONER/DEFENDANT <br><br> V. <br><br> UNITED STATES OF AMERICA <br> RESPONDENT/PLAINTIFF | Case: 1:11-cr-00371 <br> Related Civil: ELH-17-1755 <br><br> **MOTION TO DISMISS** <br> **PURSUANT TO RULE 41** |

NOW RETURNS the petitioner, DANIEL REDD, (hereinafter "petitioner" or "Redd"), filing pro se, respectfully moving for this honorable court to dismiss this case pursuant to Rule 41(2)(b) of the Federal Rules of Civil Procedure. The Respondent has simply failed to adhere to a court order and remains in contempt.

## BACKGROUND

On June 26, 2017, the petitioner filed a motion to vacate, set aside or correct his illegal sentence pursuant to 28 U.S.C. § 2255.

On June 27, 2017, this court issued an order giving the Respondent 60 days (August 29, 2017) to file its "answer".

-1-

On August 16, 2017, the Respondent filed a "Motion For Extension of Time...", extending its deadline to October 28, 2017.

Silence has served as an admission of the Respondent, prevailing since that moment in time. As of March 21, 2018, five months have passed with visible dereliction of duty by the Respondent to meet its Court Order deadline with formal "answer" to the petitioner's Section 2255. Any attempt to file that "answer" henceforth with acceptance by this tribunal must be considered a complete miscarriage of justice.

The government has broken the rules in the instant action. These rules, governing 28 U.S.C. § 2255, apply to both parties, not just the petitioner. Therefore, the court must determine that both parties abide by these rules.

Otherwise amend these criterion, rather than emasculate them. Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in the rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by ad hoc relaxations by the court in particular cases.

Such dispensations in the long run actually produce questionable results, undermining the certainty of those rules, and causing confusion amongst the lower courts and the bar. (Lieberman v Gulf Oil Corp, 315, F.2d 403, 406, 407).

On December 14, 2017, Redd filed his "Motion For Judgment on Pleadings Pursuant to Rule 12(c)..." with

a nil-dicit fault finding issue against the Respondent who failed to defend against his 2255 in "answer", as the rules require.

Rule 41(2)(b) is clear in this regard, "If the plaintiff fails...to comply with these rules or a court order, a defendant may move to dismiss the action...unless the dismissal order states otherwise, a dismissal under this subdivision...operates as an adjudication on the merits..."

In unexpected occurrence, the petitioner can find no plain interpretation as to why his motion has not been granted, as this place where justice is administered, has given the Respondent ample time, in fact far more than the law allows, to correct its contempt of court predicament. The government's silence can persist no longer as it clearly has now impacted the petitioner's substantive due process, by way of violation of the Fifth Amendment's Due Process Clause.

This constitutional provision prohibits the government from unfairly or arbitrarily depriving a person of life, liberty or property (Black's Dic., 10th Ed. at 610).

The doctrine of substantive due process is so called because the inquiry focuses not on the legal procedure, by which one is convicted and punished (deprived of life, liberty or property) for violating the law, but rather on the law itself, and whether a person may legitimately be required to obey such a law.

One typical formulation of this doctrine is that it forbids government to deprive a person of life,

liberty, or property arbitrarily, that is without
sufficient grounds to do so. The origins of substantive
due process are embedded in two phenomena of the
traditional era.

At issue herein is procedural due process in terms
of "notice" and the opportunity for a full and fair
legal proceeding. Procedural due process also assures
the opportunity to be heard by an unbiased judicial
platform. In the area of criminal law, when the
government seeks to deprive a person of his "liberty",
a transgression has been experienced.

In determining whether any procedural protections
are due a petitioner, in condiseration comes the extent
of the suffering.(Morrissey v Brewer, 408 U.S. 484,
32 L.Ed. 2d 484, 92 S.Ct. 2539, 2600 - 1972).

Once it is determined that due process applies, the
question remains what process is due? It has been
said as often by this court as others, due process
is flexible and calls for such procedural protections
as the particular situation demands.

## CONCLUSION

In the instant action, while procedural default
certainly triggered a favorable ruling for the
petitioner, his merits justify the same advisable
outcome.

The petitioner prays this Honorable court will
actualize heretofore the due administration of justice.
"It is the duty of a good judge to make precedents
which amplify justice".

#####

MR. DANIEL REDD (#53655-037)            Date: 3/22/2018

CERTIFICATE OF SERVICE

THIS IS to certify that I have this day served the following participants in the case at bar with a true and correct copy of the foregoing document depositing a copy in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery.

Office of the Clerk
United States District Court
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

James Wallner, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
36 S. Charles St. (4th Flr)
Baltimore, MD 21201

DATED THIS 22ND DAY OF March, 2018.

_[signature]_

MR. DANIEL REDD
#53655-037
Satellite Prison Camp Hazelton
P.O. Box 2000
Bruceton Mills, W.V. 26525

DOCUMENT MAILED:   MOTION TO DISMISS
                   PURSUANT TO RULE 41